UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-218-RJC

| | |
|---|---|
| TERRANCE BELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| LAWRENCE PARSONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff is a state prisoner housed at the Lanesboro Correctional Institution in the Western District of North Carolina. In his Complaint, Plaintiff states that he is a practicing Muslim and that during a prison security shakedown, most or all of his religious items were confiscated from his cell by prison authorities during the month of Ramadan. Plaintiff contends this deprivation violated his right to enjoy the free exercise of religion as provided for in the First Amendment. Plaintiff maintains that he filed a grievance and Defendant Parsons, according to the Complaint, responded as follows: "Property was taken as the result of an Institution shakedown . . The shakedown was conducted due to excessive amount of property in cells."

1

(Doc. No. 1 at 5). Plaintiff does not, however, indicate what steps, if any, he took to pursue his grievance further.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under Section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 216 (2007). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson v. XYZ Corr. Health Servs. Inc., 407 F.3d 674, 683 (4th Cir. 2005), as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

The Court provided caution regarding whether a sua sponte dismissal would be appropriate:

> Accordingly, we conclude that a district court may raise the issue of exhaustion of remedies on its own motion. Except in the rare case where failure to exhaust is apparent from the face of the complaint, however, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue. See Snider v. Melindez, 199 F.3d 108, 113 (2d Cir.1999) ("[W]hile the district court was free to [raise exhaustion of remedies] on its own motion, it erred in dismissing the complaint without giving Snider notice and an opportunity be heard in opposition."); cf. McMillan, 332 F.3d at 249-50 (explaining that a district court may not sua sponte dismiss a habeas petition as untimely without first giving the petitioner an opportunity to respond).

2

Anderson, 607 F.3d at 682-683.

The North Carolina General Assembly has established the "Corrections Administrative Remedy Procedure." See N.C. Gen. Stat. §§ 148–118.1–118.9 (2005) ("Article 11A"). Pursuant to this Act, the North Carolina Department of Public Safety has established a three-step grievance procedure. Step One calls for a response by the administration at the prison facility which is the situs of the grievance. The inmate may accept the decision or appeal. If the inmate appeals the Step One Response, the inmate proceeds to Step Two. Step Two calls for a response by the administration at the next highest administrative level. If the inmate is not satisfied with the Step Two Response, the inmate may appeal to the Inmate Grievance Resolution Board ("Board"), Step Three.

In Plaintiff's Complaint it appears that he has only participated in one step of the grievance procedure and he has failed to note the outcome of that participation. As the requirements of the PLRA are mandatory, and there is no evidence that Plaintiff has proceeded through the completion of the grievance procedure, the Court will order that Plaintiff provide sufficient proof of the exhaustion of his administrative remedies as noted above.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide proof of his participation in the administrative grievance procedure as described herein, including the paperwork demonstrating the outcome of each step of the grievance procedure within <u>fourteen (14) days of the filing of this Order</u>. <u>Plaintiff is warned that failure to provide this information will result in a dismissal of his Complaint</u>.

Signed: August 21, 2012

*Robert J. Conrad, Jr.*

Robert J. Conrad, Jr.
Chief United States District Judge