**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-218-RJC**

| | |
|---|---|
| TERRANCE BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LAWRENCE PARSONS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on consideration of Defendant's motion to dismiss Plaintiff's complaint which is filed pursuant to 42 U.S.C. § 1983. Plaintiff has filed a response and the motion to dismiss is ready for disposition. For the reasons stated herein, Defendant's motion to dismiss will be granted.

**I.    BACKGROUND**

Plaintiff is an inmate in the custody of the North Carolina Department of Public Safety serving a term of over 13-years' imprisonment following his conviction for robbery with a dangerous weapon (principal); his projected release dates is January 28, 2016.

On August 9, 2011, Plaintiff was housed in the Lanesboro Correctional Institution within the Western District. Plaintiff, a practitioner of the Islamic faith and a Shiite Muslim, began his observance of Ramadan after notifying the Director of Chaplaincy Services, Betty Brown, and the Director of the Prisons, Robert Lewis, of his intention. (Doc. No. 1 at 4). On August 16, 2011, while Plaintiff was still engaged in his observance of Ramadan, Defendant Parsons requested the activation of the Prisoner Emergency Response Team (PERT) which resulted in

1

the contents of the cells on Plaintiff's cell block being removed to another location for a search and inventory. According to the complaint, the materials removed from Plaintiff's cell included a prayer rug, prayer oils, two Qur'an texts, two kufis, a prayer schedule and plastic prayer beads. (Id.).

Plaintiff contends that the confiscation of these religious items disrupted his effort to worship during Ramadan. For instance, Plaintiff asserts that he was deprived of his Qu'ran during the entire month of Ramadan, and that his ability to pray was impeded through the removal of his prayer schedule and other items. (Id. at 5). Plaintiff states that he participated unsuccessfully in the prison's internal grievance system. During this participation, Plaintiff was informed that that the "shakedown was conducted due to excessive amount of property in cells." Plaintiff argues, however, that "Defendant Parsons violated Plaintiff's [F]irst Amendment rights to freely exercise his religion by having his Religious items taken during Ramadan preventing him from practicing his Religion." (Doc. No. 5 at 3).

In the Step One and Two responses in the Administrative Remedy Procedure, Plaintiff was informed that the response of the PERT was done to address a security issue on Plaintiff's cell block and that PERT will inform Plaintiff whether Ramadan is ongoing or not. After reviewing the procedures employed, the grievance examiners found that proper procedure had been followed. (Doc. No. 18-1 at 3).[1] In the Step Three response, the grievance examiner

---

[1] The Court has considered evidence of the grievance filed by Plaintiff and the prison's responses. The Court finds these documents are integral to the allegations in Plaintiff's complaint and are, in fact, referenced by Plaintiff in his complaint. See Philips v. Pitt Cnty Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of matters of public record," and "may also consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic" without converting the motion to dismiss into a motion for summary judgment.").

2

referenced the response of Defendant Parsons who explained that property was removed by PERT "due to an Institution shakedown. Property was inventoried and what you have was returned to you. No property was thrown away or discarded unless it was authorized by the inmate. You were allowed to mail, donate, or destroy any property that you could not have. All property was handled as such." (Doc. No. 18-2 at 1, 3).

In his complaint, Plaintiff requests compensatory and punitive damages against Defendant Parsons, and the return of his black kufi and plastic prayer beads, in addition to unidentified equitable relief. (Doc. No. 1 at 4).

## II.     STANDARD OF REVIEW

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). In deciding a 12(b)(6) motion to dismiss, the Court must "accept as true all factual allegations" presented in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 589 (2007). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 U.S. 662, 679 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Twombly, 550 U.S. at 570. A claim is facially plausible when the factual content of the complaint allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Accordingly, if the complaint establishes a sufficient legal and factual basis for the claims asserted then the motion to dismiss will be denied.

A pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint that set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). The Federal Rules provide that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff contends that Defendant Parsons violated his rights as protected by the First Amendment in first removing his religious property during Ramadan, and second, in failing to return his prayer beads and black kufi after the security concerns had been addressed.

The Free Exercise clause of the First Amendment, which is applicable to the states through the Fourteenth Amendment to the United States Constitution, provides that "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. Const. amend. 1. <u>See</u> <u>Goodall by Goodall v. Stafford Cnty. School Bd.</u>, 60 F.3d 168, 170 (4th Cir. 1995). "While the Free Exercise Clause commands that the government may not pass laws that stifle religious belief or practice . . . a law that is religion-neutral and generally applicable does not violate the Free Exercise Clause even if it incidentally affects religious practice." <u>Id.</u> (internal citations omitted). Put another way, even though an action by prison authorities may interfere with a prisoner's sincerely held religious beliefs, such a challenge by the aggrieved inmate may withstand a First Amendment claim when the action is rationally related to the furtherance of a

4

legitimate safety interest of the prison authorities. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987). "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objections—including deterrence of crime, rehabilitation of prisoners, and institutional security." Id. at 348 (Pell v. Procunier, 417 U.S. 817, 822-23 (1974)).

In order to state a claim for a violation of Plaintiff's Free Exercise rights under the First Amendment, Plaintiff must demonstrate (1) that Defendant Parsons' decision to employ the PERT to remove property from his cell placed a substantial burden on his ability to practice religion, and (2) that the loss of two religious items: the black kufi and plastic religious beads, was unreasonable under the circumstances. Lovelace v. Lee, 472 F.3d 174, 199-200 (4th Cir. 2006).

Plaintiff acknowledges that Defendant Parsons' decision to employ PERT to remove property from the cells on his block was in response to a security threat, namely, that some inmates were setting fire to items in their cells. (Doc. No. 18-1 at 4) ("a couple of prisoners in other blocks kept setting fires in their cells. Even though I had nothing at all to do with setting fires. . ."). What followed the search was an inventory of the property that had been removed from the cells and the return of the property that inmates were allowed to possess. Plaintiff's complaint makes clear that several religious items were removed by PERT during Ramadan and in his claim for relief Plaintiff draws attention to two items that were not returned to him: a black kufi and plastic prayer beads. (Doc. No. 1 at 4). See (Doc. No. 18-3 at 5-8) (description of inventory from Plaintiff's cell and the ultimate disposition of such inventory). In his claim for relief, Plaintiff seeks return of these two items.

The Court finds that Plaintiff's contention that the action of the PERT, in removing property from his cell during Ramadan, fails to state a claim under the First Amendment. The record demonstrates that the property was removed from the cells of all prisoners on Plaintiff's cell block and that the property was removed regardless of the nature of the property. Plaintiff himself identifies the impetus for the PERT action: prisoners on his block were setting fires to items within their cells. Given the deference afforded prison authorities in maintaining security in their prisons, the Court concludes that Plaintiff's rights were not violated.

Plaintiff's final claim, that two religious items were not returned to him, does not support a First Amendment claim. At best, it appears that prison authorities may have lost the black kufi and plastic religious beads. (Doc. No. 1 at 4; Doc. No. 18-2 at 5: Plaintiff's inventory). According to the inventory identified in Doc. No. 18-2, Plaintiff appears to acknowledge that the black kufi and plastic player beads were lost following the search of his cell. However, there is no indication that the loss of this property was in any way motivated by its religious character. In fact, Plaintiff identifies several secular items that he contends were lost following the PERT search which include a habeas manual and other material related to his ongoing legal proceedings. (Doc. No. 18-2 at 5). These latter items, though, were not made the subject of Plaintiff's complaint.

In summary, Plaintiff contends that his First Amendment rights were violated, and according to his complaint, he restricts his argument to the interruption of Ramadan by the PERT and the loss by Defendant Parsons of two religious items following the inventory. The Court finds that Defendant Parsons' security response was reasonable in light of the fires that were being set by inmates on Plaintiff's cell block, and there is no reasonable inference that the loss of

the religious items was intended to disrupt his right to the free exercise of religion under the First Amendment. And as to the loss of property, at best Petitioner has stated a possible claim of trespass to chattel or conversion and these are each state law claims, and therefore not properly considered in a suit brought under Section 1983, absent a meaningful connection to the violation of a constitutional right. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a federal statute to support a Section 1983 claim). For the foregoing reasons, Plaintiff's complaint will be dismissed for failure to state a claim under the First Amendment.

Defendant has also raised the affirmative defense of qualified immunity contending that Plaintiff's complaint, when taken in the light most favorable to the Plaintiff, fails to show that Defendant Parsons violated a clearly established constitutional right. Accordingly, Defendant contends that he cannot be liable in his individual capacity for monetary damages. (Doc. No. 18 at 9). The Court agrees. As noted above, Plaintiff concedes that the decision to employ the PERT was done so in response to security concerns, and there is no evidence of any intentional targeting of Plaintiff because of his religious beliefs or practices.

In assessing a claim of qualified immunity, the Court must consider whether the facts as alleged in the complaint demonstrate conduct by Defendant Parsons that tends to show that he knew or should have known that ordering the deployment of PERT during Ramadan was unlawful. See Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 330 (4th Cir. 2009). The Court has already concluded that Parsons' decision to deploy the PERT to address a security risk appears to be well within his discretion in carrying out his responsibility to address safety concerns within the prison. The Court further finds that Defendant Parsons has fairly

presented a claim of qualified immunity to Plaintiff's claims, and his motion to dismiss the claims for monetary damages will be granted.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted;

2. Defendant's motion to dismiss, (Doc. No. 17), is **GRANTED**;

3. Plaintiff's motion for appointment of counsel, (Doc. No. 22), is **DENIED**; and

4. The Clerk of Court is directed to close this civil case.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge